Paul R. WHITE and Anna Lee White, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 9019.

United States District Court
D. Colorado.

June 10, 1966.

Drexler & Wald, Stanley L. Drexler, Denver, Colo., for plaintiffs.

Lawrence M. Henry, U. S. Atty. for Dist. of Colorado, Denver, Colo., Lawrence E. Doxsee, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

This action arises under Title 28 U.S.C. § 1346. Plaintiffs seek a refund of moneys allegedly paid erroneously to the defendant in the years 1959 through 1962 as tax which was measured as ordinary income subject to a depletion allowance. They contend that the amount which was thus taxed was from the sale of a capital asset and that, therefore, they are entitled to have the amount realized taxed as a gain. Computation on this basis would result in overpayment in the total amount of $73,463.86.

Formal findings and conclusions are unnecessary inasmuch as there are no factual disputes. The evidence which is here applicable was adduced at a former trial at which a companion issue was adjudicated. This decision was subsequently affirmed. See United States v. White, 10 Cir. 1962, 311 F.2d 399, 401.

Plaintiffs acquired a tract of land in Jefferson County, Colorado, in the year 1924. In 1953 a valuable deposit of uranium was discovered on one quarter section of the land by one Schwartzwalder, an amateur geologist. The Whites leased the mineral rights to Schwartzwalder. It soon became apparent that he could not adequately develop the deposit, and it was determined by both the Whites and Schwartzwalder that it would be best to sell the minerals to a mining company. They subsequently sold them to Denver-Golden Oil and Uranium Company.

The instrument by which the grant was effected was entitled "Mineral Deed." This was executed on February 16, 1956. It granted the Whites' mineral interests to Denver-Golden for a lump sum payment of $175,000.00 together with a ten per cent. royalty of the gross profits of production. The deed provided that the grantors, "for and in consideration of the sum of One Thousand Dollars and other good and valuable considerations * * * have granted, bargained, sold and conveyed, and * * * do * * * convey and confirm unto [Denver-Golden] * * * all and each of the ores and minerals, of whatsoever class or kind, EXCEPT oil, gas, casinghead gas, or other gases or vaporous substance and coal on or in the following tract." It further provided that the grantors "reserve a royalty and in addition to the other considerations above stated, * * * [Denver-Golden] agrees to pay [Whites] * * * a royalty of ten per centum (10%) for the gross value of all minerals mined, marketed and sold from the premises, said gross value being determined by payments received for all ores including bonuses and freight allowances but after deduction of actual costs of milling, smelting, treatment, cost of transporting the ores, and imposition of penalties, if any; * * *"

The Whites did not reserve either reversionary rights or the right to compel production. However, Denver-Golden did mine the ore. The venture was successful beyond the hopes of all of the parties.

The theory of plaintiffs is that the transaction here in question constitutes a sale of all of the minerals—that the ten per cent. royalty interest is part and parcel of the consideration which was paid by Denver-Golden to the Whites for their interest and that it is properly to be considered a sale of a capital asset within the meaning of 26 U.S.C. § 1201 et seq.

The Government maintains that the ten per cent. royalty interest is taxable as ordinary income subject to a depletion allowance. The argument is that the Whites retained an "economic interest" in the property and that the effect of the retention of this economic interest in the minerals is that the ten per cent. royalty interest, at least, is subject to ordinary income taxation. The Government relies on the decision of the Supreme Court in Palmer v. Bender, 287

U.S. 551, 53 S.Ct. 225, 77 L.Ed. 489 (1933), and also on the decision of the Fifth Circuit in United States v. Witte, 306 F.2d 81 (1962). The chief reliance of the plaintiffs is on the decision of the Tenth Circuit in the companion case of United States v. White, supra.

The former decision of the Court of Appeals in this case had to do with whether the $175,000.00-payment was to be treated as ordinary income subject to depletion or as a capital gain. That decision is of importance here because the Government there contended that the $175,000.00 cash payment was ordinary income by reason of the ten per cent. provision which is now before us. In essence, the Government argued that the Whites continued to own an interest in the minerals and that this rendered the lump sum payment income rather than consideration for a sale. The Court of Appeals, however, rejected this contention of the Government. It held that the so-called "economic interest" test had been applied in a number of cases involving mineral property, but that these pertained to whether the taxpayer was entitled to depletion allowance; that it was not the exclusive test; and that there were many decisions in which it had been rejected. The criteria adopted by the Court finally were: whether there was an out and out sale of the entire interest in the minerals; the intent of the parties; their dominant purpose in entering the transaction; was the transaction in substance a sale rather than a reservation. It was concluded that as applied to this case the Whites retained no economic interest in the minerals in place; that the purchaser was free to remove them or not, as he saw fit; and that the Whites were entitled to additional payment if and only if the minerals were mined. The Court finally said:

"In this context the economic interest principle advanced by the United States is wholly a legal fiction. We hold that there was a sale of the minerals, and that the $175,000 payment as part of the consideration therefor, was properly treated as a capital gain for income tax purposes." 311 F.2d at 403.

The present question, that is, the manner of taxing the ten per cent. mineral interest, was not specifically before the Court of Appeals and in its opinion it expressly declined to decide whether the issue was to be resolved upon the basis that it constituted consideration for the sale or that it was a retained economic interest.

We have carefully considered United States v. Witte, supra, which is relied upon by the Government. It is distinguishable on its facts. By the very terms of the documents employed in *Witte* it could be concluded that there was a reservation of interest in the grantors. However, the Court of Appeals for the Fifth Circuit expressed what appears to be a different philosophy from that expressed by our Court of Appeals in *White*, supra, in that it gave more significance and force to the "economic interest" test than did our Court of Appeals. Indeed, it is possible that the Court of Appeals for the Fifth Circuit would decide this present issue by holding the ten per cent. interest here involved to be taxable as ordinary income subject to depletion allowance.

There is no decision of the Supreme Court which holds that the economic interest test applies any time there is a percentage reservation. There is language in Supreme Court decisions from which arguments can be made on both sides of the present issue. See, e. g., Palmer v. Bender, supra; Burnet v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199 (1932). However, the opinion of the Court of Appeals in *White*, supra, involving as it does a broad examination of the nature and character of the transaction, is both logical and practical. In the case at bar the taxpayers divested themselves of every incident of ownership of the minerals. The Whites could not have compelled the grantees to mine the ore. The decision to proceed or not was entirely that of Denver-Golden under the terms of the deed. Thus, there was no reversionary interest in the

Whites whatever, and not a single stick in the so-called bundle of rights remained in them. It follows that there was no such interest, economic or otherwise, in the Whites which would justify the subjecting of these proceeds to ordinary income less depletion.

Accordingly, we conclude that the ten per cent. interest clause is to be viewed as a deferred payment provision. This was additional consideration over and above the lump sum payment which was at the time of the execution of the deed promised by the grantees in connection with the purchase by them of the mineral. It is, therefore,

Ordered that judgment should be, and the same is hereby entered in favor of the plaintiffs and against the defendant. Counsel for plaintiffs are directed to submit a formal judgment for the Court's signature.